UNITED STATES DISTRICT COURT　　JS6
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:22-cv-01304-RGK-E | Date | February 28, 2022 |
|---|---|---|---|
| Title | *Jose Valladares v. Smithfield Packaged Meats Corp.* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) Order Remanding Action to State Court

On January 25, 2022, Jose Valladares ("Plaintiff") filed a complaint against Smithfield Packaged Meats Corporation ("Defendant") in state court, claiming wrongful termination and various labor law violations. Plaintiff seeks damages for lost income and emotional distress, $1,500 in civil penalties[1], punitive damages, and attorneys' fees. (Compl. at 13, ECF No. 1-1.) Defendant removed the case to federal court on diversity jurisdiction grounds (28 U.S.C. § 1332). (Notice of Removal, ECF No. 1.) Upon review of Defendant's Notice of Removal, the Court hereby **REMANDS** the action for lack of subject matter jurisdiction.

Title 28 U.S.C. § 1441(a) authorizes defendants to remove a case to federal court when the federal court would have had original jurisdiction over the case. Under 28 U.S.C. § 1332, district courts have original jurisdiction over any civil action in which the parties are citizens of different states, and the action involves an amount in controversy that exceeds $75,000. A defendant's notice of removal must include a "plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014); *see also Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

Here, Defendant does not plausibly allege that the amount in controversy exceeds the jurisdictional threshold. Defendant calculates Plaintiff's potential back pay based on Plaintiff's hourly wage at the time of his employment. At $634 per week[2], over 81 weeks since Plaintiff was terminated, Plaintiff's back pay amounts to $51,354. (Notice of Removal ¶ 23.) Defendant calculates an additional $32,968 of potential front pay ($634 per week over 52 weeks), speculating that this matter will not be resolved until January 2023. (*Id.* ¶¶ 23, 25.) With $51,354 as a starting point, plus $1,500 in civil penalties, and only speculative argument regarding additional front pay, emotional distress damages,

---

[1] $750 for two violations of California Labor Code §§ 226 and 1198.5

[2] $15.85 per hour at 40 hours per week

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 2:22-cv-01304-RGK-E | Date | February 28, 2022 |
| Title | *Jose Valladares v. Smithfield Packaged Meats Corp.* | | |

punitive damages, and attorneys' fees, Defendant fails to plausibly allege that the amount in controversy exceeds $75,000.

Accordingly, the Court **REMANDS** this action to state court for all further proceedings.

**IT IS SO ORDERED.**

|  | : |
|---|---|
| Initials of Preparer | jre/k |

cc: Los Angeles Superior Court, case number 22NWCV00061